

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2006

# Gay v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4718

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gay v. Philadelphia" (2006). *2006 Decisions.* Paper 293.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/293

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4718
_____

WILMER B. GAY,
Appellant
v.

CITY OF PHILADELPHIA; ARLEN SPECTER, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF PHILADELPHIA
COUNTY AND FOR CITY OF PHILADELPHIA; THOMAS WATKINS,
ASSISTANT DISTRICT ATTORNEY; GAETAN J. ALFANO, HIS
PREDECESORS AND SUCCESSORS IN OFFICE; LYNNE M. ABRAHAM,
DISTRICT ATTORNEY; CATHERINE L. MARSHALL, ASSISTANT DISTRICT
ATTORNEY; ELIZABETH J. CHAMBERS, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY AS DISTRICT ATTORNEYS OF PHILADELPHIA
COUNTY AND FOR CITY OF PHILADELPHIA; DET. JOSEPH CLEARY,
BADGE NO. 861; POLICE OFFICER O'BRIEN, BADGE NO. 865,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS POLICE
DETECTIVES FOR CITY OF PHILADELPHIA COUNTY; GEORGE J. IVINS,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TRIAL JUDGE; HIS
CO-CONSPIRATORS; JOSEPH A. MURRY, PRELIMINARY HEARING JUDGE;
CHARLES P. MIRARCHI, PCHA JUDGE; EDWARD J. BLAKE, PCHA JUDGE;
JOHN J. POSERINA; PCHA JUDGE, IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES AS PCRA JUDGES AND FOR CITY OF PHILADELPHIA;
ZYGMONT A. PINES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
COURT ADMINISTRATOR OF PENNSYLVANIA, HIS PROTHONOTARIES;
JOHN W. PERSON, FOR SUPREME COURT OF PENNSYLVANIA; DAVID A.
SZEWCZAK, FOR SUPERIOR COURT; JOSEPH H. EVERS, FOR COURT OF
COMMON PLEAS PHILADELPHIA COUNTY; ALBERTA COPELAND, CLERK
FOR PCRA UNIT COURT OF COMMON PLEAS PHILDELPHIA COUNTY,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES; MIKE D. FISHER,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL
FOR COMMONWEALTH OF PENNSYLVANIA; FRANCIS R. FILIPI, HIS DEPUTY
ATTORNEY GENERAL; DALINDA E. CARREOR; PATRICK J. MCMONAGLE;
SUSAN J. FORENY, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS
DEPUTY ATTORNEY GENERALS FOR COMMONWEALTH; JEFFERY A. BEARD,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SECRETARY OF

CORRECTIONS; CHIEF D.A. SARA B. VANDENBRAAK, HIS AGENTS, CHIEF COUNSEL FOR PDOC; THOMAS L. JAMES; CHIEF GRIEVANCE COORDINATOR FOR PDOC; KENNETH D. KYLER, SUPERINTENDENT AT SCI-HUNTINGDON; DIANA G. BANEY, GRIEVANCE COORDINATOR; PAUL WEAVERLING, MAJOR OF GUARDS; DONALD ELLIOT, CA UNIT MANAGER; WILT, SGT., ON CA BLOCK; CO1 INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AT SCI-HUNTINGDON; HAROLD L. RANDOLPH, TRIAL COUNSEL; ROBERT B. MOZENTER, FIRST PCHA COUNSEL; JOEL P. TRIGIANI; ROBERT P. WILLIAMS, THIRD PCRA COUNSEL; INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS "STATE ACTORS" THEREWITH
ABOVE NAMED MUNICIPAL OFFICERS TO DEPRIVE THEIR CLIENT OF CONSTITUTIONALLY PROTECTED RIGHTS; JAMES GARDNER COLINS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS JUDGE FOR COMMONWEALTH COURT; CIVIL TRIAL JUDGE WILLIAM J. MANFREDI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS JUDGE FOR THE CITY OF PHILADEPHIA COUNTY COURT OF COMMON PLEAS; RUSSELL M. NIGRO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS JUDGE FOR SUPREME COURT OF PENNSYLVANIA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-05358)
District Judge: Honorable Norma L. Shapiro

_____

Submitted Under Third Circuit LAR 34.1(a)
October 11, 2006

Before: McKEE, FUENTES, NYGAARD, Circuit Judges.

(Filed October 26, 2006  )

_____

OPINION

_____

2

PER CURIAM

Wilmer B. Gay, a prisoner, appeals pro se from the order of the United States District Court for the Eastern District of Pennsylvania granting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of this action brought under 42 U.S.C. § 1983.

The parties are familiar with the facts of the case, a summary of which is set forth in the District Court Opinion, and thus, we will not recount them at length here. In 1972, Gay was convicted of murder in Philadelphia County and was sentenced to life imprisonment. In 2003, Gay filed this § 1983 Complaint, which he amended twice, alleging that the judicial, prosecutorial, criminal defense and post-conviction counsel, police, and court clerk defendants involved in his 1971 arrest and subsequent prosecution violated his due process rights and engaged in a conspiracy to convict him, to keep him incarcerated, and to deny him access to the court for redress of grievances. Gay also alleged a separate conspiracy among the Attorney General's Office, prison officials, grievance coordinators, and officers to deprive him of access to his legal materials with respect to a PCRA proceeding. He alleged certain retaliatory acts relating to his efforts to overturn his conviction. He claimed that the District Attorney and her alleged accomplices conspired to wash his socks in sodium hydroxide in retaliation for pursuing federal habeas corpus relief in Gay v. Reid, Civ. A. No. 88-04433. Gay also claimed that the defendants conspired against him with respect to his conviction and attempts to overturn it, because of his race in violation of § 1985(2) and § 1986.

3

In another series of allegations, Gay asserted that in March 2001, he was transferred to SCI-Huntingdon in retaliation for filing a civil rights suit in Gay v. Shannon, Civ. A. No. 02-04693 (E.D. Pa.). Gay also alleged that in March and August 2002, officials and correctional officers at SCI-Huntingdon, certain judges and court administrative staff and clerks, the District Attorney, and Gay's trial counsel conspired to deny him access to his core legal materials. Gay averred that the City of Philadelphia was liable because of its custom and practice of depriving him of his constitutional rights. He generally alleged malfeasance by the Attorney General, the Secretary of the Department of Corrections ("DOC") and other prison and court administrative staff. He sought damages.

The defendants moved for Rule 12(b)(6) dismissal, contending that Gay's § 1983 claims arising out of alleged actions occurring prior to October 2001 were barred by the applicable two-year statute of limitations, that claims against the judicial and prosecutorial defendants were barred by the doctrines of absolute judicial and prosecutorial immunity, and that the remainder of the allegations in the Second Amended Complaint failed to state a § 1983 claim upon which relief could be granted. Gay responded, and upon consideration of the parties' written submissions, the District Court granted the Defendants' motions to dismiss.

The District Court ruled that all of the civil rights claims allegedly occurring from 1972 through September 2001, were barred by the applicable two-year statute of

4

limitations. The District Court also held that Gay failed to allege any constitutional violation against the City of Philadelphia that was not barred by the two-year statute of limitations. Next, the District Court determined that all of Gay's claims against the judicial and prosecutorial defendants were barred by the doctrines of absolute judicial and prosecutorial immunity because the allegations against these defendants involved actions taken within the scope of their respective jurisdictions. Gay's claims against the court administrative and clerk staff were barred because these defendants enjoyed quasi-judicial immunity.

As for the remainder of Gay's claims alleging conspiracy, retaliation, and denial of access to his legal materials, the District Court ruled that Gay failed to state a claim upon which relief can be granted. As to the allegations involving the storage of his legal materials at SCI-Huntingdon, the District Court held that Gay failed to state a denial of access to the courts claim or a retaliation claim because the removal of excess legal materials from his cell was conducted pursuant to prison regulation reasonably related to a legitimate prison interest and Gay did not allege that he was deprived of access to the removed material. As for threats by certain corrections officers of future confiscation of Gay's legal materials, the District Court held that verbal threats, alone, do not amount to a constitutional claim under § 1983. With respect to Gay's conspiracy claims, the District Court determined that Gay failed to allege any fact from which one could infer an agreement or understanding among the defendants to violate his constitutional rights

5

under § 1983, or to discriminate against him on account of his race under § 1985(2). Because Gay failed to state a § 1985(2) conspiracy claim, the District Court ruled that his related § 1986 claims also failed.

After the District Court denied Gay's motion for reconsideration, Gay filed a timely notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and we exercise plenary review of a Rule 12(b)(6) dismissal. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., et al., 171 F.3d 912, 919 (3rd Cir. 1999).

We will affirm for substantially the same reasons set forth in the District Court's opinion. We add only that, to the extent that Gay's claims arising out of his prosecution for murder imply the invalidity of the conviction and sentence, the claims are not cognizable under § 1983 absent a showing that the conviction or sentence has been overturned or otherwise invalidated. See Heck v. Humphrey, 512 U.S. 477 (1994).

We have thoroughly reviewed Gay's arguments made on appeal and find them to be meritless.

Accordingly, we will affirm the judgment of the District Court. Appellant's request and statement of reasons for oral argument is denied.